IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY NEALY,

    Petitioner,

vs.	Case No. 4:07cv235-MP/WCS

JAMES McDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a 28 U.S.C. § 2254 petition and motion to proceed in forma pauperis. Docs. 1 and 6. Leave to proceed in forma pauperis is granted by separate order.

Petitioner challenges his sentence imposed by the Circuit Court in Gadsden County in 1983. Petitioner was convicted for lewd and lascivious conduct with a child under the age of 12; was "[i]nitially sentenced to five years probation; violated it and received 30 months DOC followed by 2 yrs community control; violated community control and received 5 years DOC." Doc. 1, p. 1. Petitioner indicates that he entered a

plea of nolo contendere, and did not file an appeal or other challenge to the judgment. Doc. 1, pp. 1-2.

Though not indicated on the petition, Petitioner took an appeal from the five year sentence imposed on revocation of community control. Nealy v. State, 518 So.2d 985 (Fla. 1st DCA 1988). The court found that the sentence imposed on violation of probation was illegal because Petitioner was not given the option of electing guidelines sentencing when sentenced. *Id.*, at 985. The sentence imposed upon violation of community control was therefore a nullity, so both sentences were vacated and the case was remanded for resentencing. *Id.*, at 986.

Whether Petitioner challenges the 1983 judgment or the judgment imposed following the 1988 remand, his conviction was final before April 24, 1996. That was the effective date of the one year time limit for filing a § 2254 petition under 28 U.S.C. § 2244(d)(1). The one year generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. § 2244(d)(1)(A).

Unless a later commencement date applies,[1] Petitioner had one year from April 24, 1996, to file his § 2254 petition. Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). There is no indication that the period was subject to statutory or equitable tolling. *See* § 2244(d)(2) (tolling the

---

[1] Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(B)-(D).

time while a "properly filed" application for relief is pending in state court); Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (the time is subject to equitable tolling, "only if a petitioner establishes *both* extraordinary circumstances and due diligence.") (citation omitted, emphasis in original).

Moreover, given the likely length of the sentence imposed following the 1988 remand (based on the vacated sentences), it is almost certain that the sentence on the 1983 Gadsden County conviction has fully expired. If so, then Petitioner is not "in custody" pursuant to this judgment and the court lacks jurisdiction. *See* Maleng v. Cook, 490 U.S. 488, 490-492, 109 S.Ct. 1923, 1925-26, 104 L.Ed.2d 540 (1989) (a habeas petitioner is not "in custody" under a conviction after the sentence has fully expired). Assuming Petitioner is "in custody" pursuant to a later sentence which was enhanced based on the 1983 conviction, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.' " 490 U.S. at 492-493, 109 S.Ct. at 1926. *See also* Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-402, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001) (construing challenge to expired conviction as challenge to current sentence as enhanced by that conviction) (citing Maleng, other citation omitted).

Petitioner indicated that the conviction under attack was used to enhance his current sentence. Doc. 1, p. 4 (notation in the margin). Petitioner has filed a § 2254 petition challenging his 2003 Leon County conviction, also for lewd and lascivious conduct with a child. 4:07cv278-RH/WCS. Assuming that the 2003 sentence was enhanced by the conviction challenged here, the proper remedy – if any – would be to raise the claim in the petition challenging that conviction. It appears, however, that the

§ 2254 petition challenging the 2003 conviction is untimely, and an order is being entered in that case for Petitioner to show cause why the petition should not be dismissed as untimely.

More importantly, if a prior conviction used to enhance a sentence is no longer open to direct or collateral review in its own right, it is considered "conclusively valid." Lackawanna County, 532 U.S. at 403, 121 S.Ct. at 1574, *citing* Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (involving a 28 U.S.C. § 2255 motion).  "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." 532 U.S. at 403-404, 121 S.Ct. at 1574.

There is an exception for expired convictions where there was a failure to appoint counsel for an indigent defendant, which is "a unique constitutional defect." *Id.*, at 404-405, 121 S.Ct. at 1574 (citations omitted).  This exception, or other conceivable exceptions,[2] has no apparent application here.  Petitioner had counsel; he claims counsel was ineffective for advising him to enter a guilty plea.

---

[2] Another possible exception was noted by Justice O'Connor (who wrote the opinion for the Court).  She noted certain situations, such as the state court's refusal to consider an issue properly presented, or the discovery of compelling evidence of innocence, where a defendant could not be faulted for failing to obtain timely review. *Id.*, at 405, 121 S.Ct. at 1574-75.  "In such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction," but did not decide "whether, or under what precise circumstances, a petitioner might be able to use a § 2254 petition in this manner." *Id.*, at 406, 121 S.Ct. at 1575.  This possible (but undecided) exception was set forth in Part III B of the opinion, in which Justice O'Connor was joined only by Chief Justice Rehnquist and Justice Kennedy.

Case No. 4:07cv235-MP/WCS

As a challenge to the expired conviction Petitioner is no longer in custody pursuant to that conviction; even if he were, the petition would be untimely.  As a challenge to the later sentence enhanced by this conviction, the earlier conviction is no longer subject to attack and may not be challenged under § 2254.  Even if it could, Petitioner has already filed a petition challenging the other sentence and should raise any claims in his other case.

It plainly appears that Petitioner is not entitled to relief in this court, and the petition should be summarily dismissed.  § 2254 Rule 4.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition be **SUMMARILY DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**